**INDUSTRIAL RESCUE MISSION, Plaintiff-Appellant, v COLUMBUS (City), Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4098. Decided February 19, 1948.

W. B. Cockrell, Homer Z. Bostwick and John M. Lewis, Columbus, for plaintiff-appellant.

Richard W. Gordon, City Atty., Hugh K. Martin, Senior Asst. Atty. and Robert E. Leach, Asst. City Atty., Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio. Demurrer was sustained to the plaintiff's amended petition on the ground that it does not state facts sufficient to constitute a cause of action. The plaintiff electing not to plead further, judgment was entered against it.

In the amended petition it is alleged that plaintiff is a

corporation, not for profit, organized under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio. That the City of Columbus is a municipal organization duly organized under the laws of the State of Ohio. Plaintiff alleges that the purpose of its organization is to care for, house, and feed the needy and poor in the City of Columbus, Ohio; that the City of Columbus through its authorized representatives and officers sent needy and poor persons to the plaintiff for shelter and food; that during the period from March 1, 1933, to June 30, 1933, the City through its Central Application Bureau, a public charity in said City, made investigations and kept records of facts relating to persons demanding public relief; that such investigations, information and recommendations of the Bureau were accepted by the City; that the City agreed to pay plaintiff for all applicants applying for public relief, approved and recommended by said Bureau at the rate of 45c per day for food and shelter for each applicant; that there was a contract or memorandum covering each applicant sent to the plaintiff by the City, signed by the representatives or proper officers or case workers for the City. It is alleged that said contract or memorandum in writing provides in substance for authorized care to be given by the plaintiff to residents of the City of Columbus. Plaintiff further alleges that during the period from March 1, 1933, to June 30, 1933, it furnished applicants public relief directed to it by the City as aforesaid and that at the rate of 45c per day, the City of Columbus owes the plaintiff the sum of $3587.40 together with interest.

First, the demurrer is based on the provision of §2293-2 GC, which is a part of the Uniform Bond Act which in part provides:

"* * * but no subdivision or other political taxing unit shall create or incur any indebtedness for current operating expenses, except as provided in §§2293-3, 2293-3a, 2293-4, 2293-7 and 2293-24 GC."

The exceptions have no application.

The phrase "current operating expenses" as used in the above section is defined in §2293-1 GC, as follows:

"(f) 'current operating expenses' and 'current expenses' shall mean the lawful expenditures of a subdivision, except those for permanent improvements, and except payments for interest, sinking fund and retirement of bonds, notes and certificates of indebtedness of the subdivision."

We are of the opinion that the claim of the plaintiff is not excluded by the provisions of this section but falls in that category of indebtedness for current operating expenses which shall not be incurred by a municipality.

Second, the demurrer is also based on the failure to allege in the amended petition an appropriation by the City Council of the amount of money claimed to be due the plaintiff, as required by §5625-33 GC, and by Section 30 of the Charter of the City of Columbus. Section 30 of the Charter provides:

"No money shall be drawn from the treasury of the City, nor shall any obligation for the expenditure of money be incurred, except pursuant to appropriations made by the City Council."

Sec. 5625-33 GC, in part provides:

"No subdivision or taxing unit shall:
* * *
(b) Make any expenditure of money unless it has been appropriated as provided in this act (§§5625-1 to 5625-39)."

There is no allegation in the amended petition showing a compliance with the provisions of the City Charter or the State statute governing the matter. Finally, it is contended that the amended petition is demurrable because it fails to allege that the City Auditor first certified to the City Council that the money for such contract was in the treasury of the City and not appropriated for any other purpose. Such certification is required by Sections 159 and 161 of the charter of the City of Columbus which provides as follows:

"Section 159. No contract, agreement, or other obligation involving the expenditure of money, shall be entered into, nor shall any ordinance, resolution, or order for the expenditure of money be passed by the council or be authorized by any officer of the city unless the auditor first certify to the council or the proper officer, as the case may be, that the money required for such contract, agreement, obligation or expenditure, is in the treasury, to the credit of the fund from which it is to be drawn, and not appropriated for any other purpose, which certificate shall be filed and immediately recorded. The sum so certified shall not thereafter be considered or appropriated until the city is discharged from the contract, agreement or obligation."

Section 161:

"All contracts, agreements or other obligations entered into and all ordinances passed, resolutions and orders adopted,

contrary to the provisions of the preceding sections, shall be void, and no person whatever shall have any claim or demand against the city thereunder, nor shall the council or any officer of the city waive or qualify the limits fixed by any ordinance, resolution or order, as provided in Section 159, or fasten upon the city any liability whatever, in excess of such limits, or release any party from an exact compliance with his contract under such ordinance, resolution or order."

A similar provision is found in §5625-33 GC which in part provides:

"No subdivision or taxing unit shall: * * *
(d)   make any contract or give any order involving the expenditure of money unless there is attached thereto a certificate of the fiscal officer of the subdivision that the amount required to meet the same (or in the case of a continuing contract to be performed in whole, or in part, in an ensuing fiscal year, the amount required to meet the same in the fiscal year in which the contract is made), has been lawfully appropriated for such purpose and is in the treasury or in process of collection to the credit of an appropriate fund free from any previous encumbrances. Every such contract made without such a certificate shall be void and no warrant shall be issued in payment of any amount due thereon."

It has been held that a petition which fails to allege such certification is demurrable.  Broken Sword Stone Co. v Trustees, 5 N. P. (N. S.) 573, affirmed by the Supreme Court without opinion in 78 Oh St 444; Soeder v Cleveland, 16 C. C. (N. S.) 260. The case of the **City of Youngstown v First National Bank, 106 Oh St 563**, 140 N. E. 176, involved an emergency contemplated by §4373 GC which authorized the mayor to appoint temporary additional patrolmen in case of riot or other like emergency.   That case is clearly distinguishable from the case at bar.   In the instant case the plaintiff rests its cause of action on contract and, therefore, is amenable to the provisions of §5625-33 GC.   Since the amended petition failed to allege a compliance with the provisions of this section it was demurrable.

Finding no error in the record the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.